**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEFFON GRAVES (#2200000328)** | **CIVIL ACTION NO.** |
| **VERSUS** | **24-279-SDD-SDJ** |
| **UNKNOWN DAY, ET AL.** | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on November 17, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEFFON GRAVES (#2200000328)**                     **CIVIL ACTION NO.**

**VERSUS**                                           **24-279-SDD-SDJ**

**UNKNOWN DAY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Amended Complaint of Plaintiff Steffon Graves, who is representing himself and who is confined at the East Baton Rouge Parish Prison in Baton Rouge, Louisiana.[1] Based on the screening permitted by 28 U.S.C. § 1915(e), and required by 28 U.S.C. § 1915A, it is recommended that any federal claims be dismissed with prejudice for failure to state a claim, that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this case be closed.

### I. BACKGROUND

Plaintiff filed this lawsuit against Unknown Day, Cathy Fontenot, Sid Gautreau, and Turn Key Medical Company under 42 U.S.C. § 1983, alleging Defendants acted with deliberate indifference to Plaintiff's serious medical needs.[2] Plaintiff requests monetary and injunctive relief.[3]

### II. LAW & ANALYSIS

#### A. Standard of Review

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity or by any other plaintiff who has been given permission to

---

[1] *See* R. Doc. 7. Documents filed into the court record are referred to as "R. Doc. __." R. Doc. 7 is the operative complaint. *See* R. Doc. 6.

[2] *See* R. Doc. 7.

[3] R. Doc. 7, p. 5.

file suit without prepaying the filing fee if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4]  Because Graves has sued government officials and has been given IFP status, his case is subject to screening. The screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in fact or in law.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered the suit.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[5]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6]  To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  To avoid dismissal, a complaint must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[9]

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted IFP status.  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Graves was granted IFP status on June 10, 2024.  R. Doc. 5.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

## B. Graves has Failed to State Any Claim

Graves complains of not receiving proper care for a broken finger.[10] A jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment which ensures the detainee's right to be free from punishment before he is found guilty.[11]

The appropriate standard used to evaluate a constitutional challenge by a pretrial detainee depends on whether the challenge is an attack on a condition of confinement or a complaint about one or more occasional acts or omissions.[12] A conditions of confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement."[13] In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement.[14] If a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic act or omission" case.[15]

This case presents an episodic act or omission.[16] "[T]o prove an underlying constitutional violation in an individual or episodic acts case, a pre-trial detainee must show that an official acted with subjective deliberate indifference."[17] In applying the deliberate indifference standard, the

---

[10] R. Doc. 7, p. 4.

[11] *See Bell v. Wolfish,* 441 U.S. 520, 535–36.

[12] *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996).

[13] *Id.*

[14] *Cf., Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (*en banc*).

[15] *Id.*

[16] No facts indicate the existence of an established rule or restriction or that the official's acts or omissions were sufficiently extended or frequent, to show that this case should be analyzed under a conditions of confinement analysis. *See Hare*, 74 F.3d at 644-645.

[17] *Longoria v. Cnty. of Dallas, Texas*, No. 14-3111, 2018 WL 339311, at *2 (N.D. Tex. Jan. 9, 2018), citing *Scott*, 114 F.3d at 54 (quoting *Hare*, 74 F.3d at 649 n.4).

3

critical question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to stop it.[18] Specifically, a plaintiff must show that prison officials were personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and must also show that the prison officials drew the inference.[19]

Plaintiff in this case complains of lack of "proper" medical treatment and a delay in receiving treatment.[20] Plaintiff has not pled sufficient facts to demonstrate that any particular Defendant acted with deliberate indifference. The only Defendant specifically named in the factual allegations is Dr. Day, and Plaintiff has not provided details about the interactions that he had with Dr. Day. The only information provided is that Plaintiff complained to Dr. Day that his finger was broken; Plaintiff does not state when he complained to Dr. Day, what Dr. Day's response was, what treatment he received, or any details.[21] He only alleges that he did not receive "proper" care. Lack of "proper" care does not rise to the level of deliberate indifference and is conclusory.[22] At best, Plaintiff may have a state law claim for medical malpractice. There is simply not sufficient information to demonstrate that Dr. Day or any other named Defendant acted with deliberate indifference to Plaintiff's serious medical needs.[23] Accordingly, Plaintiff's claims should be dismissed.

---

[18] *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

[19] *Id*.

[20] R. Doc. 7, p. 4.

[21] R. Doc. 7, p. 4.

[22] *See Forster v. Bexar County*, No. 21-765, 2021 WL 4953913, at *3 (W.D. Tex. Oct. 25, 2021) ("With respect to deliberate indifference to a serious medical need, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute deliberate indifference.").

[23] Plaintiff names Cathy Fontenot but provides no facts regarding her personal involvement, nor does he provide details regarding the personal involvement of Sid Gautreaux. It appears he names these individuals due to their supervisory

### C. Further Leave to Amend is Not Warranted

Though "[o]rdinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed…[g]ranting leave to amend…is not required if the plaintiff has already pleaded her best case."[24] Graves was already provided with an opportunity to amend and given specific instructions on amending his complaint, yet he still failed to allege specific facts to support his claims.[25] Accordingly, he should not be given another chance to amend.

### D. Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Plaintiff's allegations may be interpreted as a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[26] Having recommended dismissal of the federal claims before the Court in this case, it is appropriate to decline supplemental jurisdiction over any potential state law claims.

---

roles, but each Defendant must have personal involvement to be held liable. *Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability."). Similarly, Turn Key Medical Company cannot be liable under § 1983 absent an agreement between the company and some public Defendant to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). There are no allegations that indicate any such agreement in this case.

[24] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[25] R. Docs. 6 & 7.

[26] 28 U.S.C. § 1367.

5

**RECOMMENDATIONS**

**IT IS RECOMMENDED** that all federal claims brought by Plaintiff Steffon Graves in this case be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted; that the Court decline to exercise of supplemental jurisdiction over potential state law claims; and that this case be **CLOSED**.[27]

Signed in Baton Rouge, Louisiana, on November 17, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] Plaintiff Steffon Graves is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.